UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| JOHN PENNISON, JR., ET AL. | CIVIL ACTION |
| VERSUS | No. 06-8437 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | SECTION: I/5 |


<u>ORDER AND REASONS</u>

Before the Court is a motion to remand filed on behalf of plaintiffs, John and Mary Lou Pennison.  Defendants in this matter are State Farm Fire and Casualty Company ("State Farm"), and Paul Blackwood and Todd Smith, adjusters for State Farm.  For the following reasons, plaintiffs' motion to remand is **GRANTED.**

*BACKGROUND*

On August 29, 2005, plaintiffs owned a home located at 32117 Highway 11 in Empire, Louisiana, which was severely damaged by Hurricane Katrina.  The home was insured with both homeowner's and flood insurance through State Farm.[1]

On August 29, 2006, plaintiffs filed this lawsuit against defendants in the 25th Judicial District Court for the Parish of Plaquemines.[2]  On October 17, 2006, State Farm removed this case to federal court.[3]  In its notice of removal, defendant asserts this

---

[1]Rec. Doc. No. 4-2, pp. 1-2.

[2]Rec. Doc. No. 4-2.

[3]Rec. Doc. No. 1.  As a threshold matter, plaintiffs assert that the removal is defective because they assert neither Blackwood nor Smith have unambiguously consented to removal.  Rec. Doc. No. 5-2, p. 9.  However, the

Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1369, and 1441(e).[4]  Plaintiff filed the present motion to remand on November 15, 2006.[5]

***LAW AND ANALYSIS***

**I. Standard of Law**

*A.  Motion to Remand*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v.*

---

failure of a defendant who has not been served to join in a removal petition is not a bar to removal jurisdiction.  *Jones v. Houston Independent School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

[4]Rec. Doc. No. 1, p. 1.

[5]Rec. Doc. No. 5.

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*B. Improper Joinder*

State Farm asserts that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because defendants Blackwood and Smith have been improperly joined.[6]  There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts,[7] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[8]  In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  To reduce possible confusion, we adopt this phrasing of the required proof and reject all

---

[6]Memorandum in Opposition to Motion to Remand, pp. 6-8.

[7]There are no allegations of actual fraud in the pleading of jurisdictional facts, as no party disputes that plaintiff and defendants Blackwood and Smith are Louisiana residents.  *See, e.g.*, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. 1981).  While State Farm notes that Blackwood and Smith have not been served, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."  *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (citations omitted).

[8]The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder."  *Smallwood*, 385 F.3d at 571 n.1.

others, whether the others appear to describe the same standard or not.

There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.,* 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

## II. Discussion

*A. Diversity Jurisdiction and Improper Joinder*

State Farm argues that diversity jurisdiction exists because

-4-

plaintiff improperly joined defendants Blackwood and Smith.[9]  State Farm asserts that plaintiffs cannot assert a claim against the adjusters.  Plaintiffs argue, based on Louisiana jurisprudence, that there is a reasonable basis to predict that plaintiffs might be able to recover against Blackwood and Smith.

Courts applying Louisiana law have found that, as a general rule, there is no cause of action by a claimant against an insurance adjuster for the processing and handling of an insurance claim.  *Edwards v. Allstate Property and Cas. Co.*, No. 04-2434, 2005 WL 221560, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.) (citations omitted).  However, courts recognize that an adjuster may owe a tort duty to an insured when an adjuster has undertaken such duty.  *Id.* (quoting *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So. 2d 371, 373 (La. Ct. App. 1st Cir. 1981) ("[T]here may be circumstances in which the adjuster may be said to have undertaken such a duty. Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, *misrepresentation or fraud*." )(emphasis added); *see also*, *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696, 699 (La. Ct. App. 5th Cir. 1989)("[U]nder some circumstances a tort duty may exist in the settlement of an insurance claim.").

Under Louisiana law, a claim for negligent misrepresentation

---

[9]Memorandum in Opposition to Motion to Remand, pp. 6-8.

exists where there is: 1) a duty on the part of the defendant to supply correct information to the plaintiff; 2) a breach of said duty; and 3) justifiable reliance upon the misrepresentation with resulting damage. *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 2005 WL 1155768, at *2 (E.D. La. May 6, 2005) (Africk, J.) (citing *New Birth Temple Church v. Delta Claims Service, Inc.*, 738 So. 2d 1210, 1212 (La. Ct. App. 2d Cir. 1999)).   Here, plaintiffs have made allegations consistent with a claim for negligent misrepresentation.[10]   Viewing contested facts and all ambiguities in the controlling state law in plaintiffs' favor, the Court finds that defendant has failed to prove that there is "no reasonable basis for the Court to predict that the plaintiff might be able to recover against" Blackwood and Smith.[11]   *Smallwood*, 385 F.3d at 573.   Therefore, there is no improper joinder and the Court lacks diversity jurisdiction.

*B. Jurisdiction under the MMTJA*

Defendant also argues that jurisdiction is proper pursuant to 28 U.S.C. §§ 1369(a) and 1441(e).   This Court has soundly rejected the assertion of jurisdiction under the Multiparty, Multiforum

---

[10]Plaintiffs allege that defendants Blackwood and Smith failed to disclose material information, causing damage to plaintiffs.   Rec. Doc. No. 4-2, p. 4. Plaintiffs also allege that the adjusters advised them that "perils covered under the insurance policy caused the damage/destruction and that the policy limits would be paid; and then subsequently the insureds were advised differently."   *Id.* at p. 5.

[11]*See also Pelican Hospitality Group v. United Nat. Ins. Co.*, 2006 WL 3313721 (E.D. La. Nov. 13, 2006) (McNamara, J.) (finding no improper joinder where plaintiffs sued insurance adjusters).   As the Court found in *Pelican*, this Court finds that cases cited by defendant to the contrary are distinguishable on the facts.   *Id.* at *4 n.3.

Trial Jurisdiction Act (MMTJA) in previous similar cases. *See, e.g., Trosclair v. Security Plan Life Insurance Co.*, No. 06-9220, slip op. (E.D. La. Nov. 6, 2006); *Yount v. Lafayette Ins. Co.,* No. 06-7382, slip op. (E.D. La. Nov. 7, 2006). Considering the law, the facts, and the arguments of all parties, the Court finds no basis to depart from its prior holding or those of other courts in this district. Therefore, incorporating the applicable legal standards and analysis from those prior opinions as though written herein, the Court finds that there is no federal jurisdiction over this case pursuant to the MMTJA.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs, John and Mary Lou Pennison,[12] is **GRANTED** and the case is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, December 1st, 2006.

_____
   **LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12]Rec. Doc. No. 5.

-7-